CHARLES B. LEITNER *et al.*, plaintiffs in error, *vs.* L. H.
MILLER, defendant in error.

Suit was brought against the maker and indorser of a promissory note,
dated March, 1866. The maker filed a plea that she was a married
woman when the note was executed and had no separate estate. The
indorser pleaded the same, alleging that the maker was his wife, and
that he was an accommodation indorser. The Court, on demurrer,
struck the plea of the indorser. Neither plea alleged notice to plain-
tiff, who obtained the note before maturity from a prior indorser. No
evidence was introduced or tendered to prove the facts alleged in the
maker's plea, and there was a verdict against both defendants :
*Held*, There was no error.

Promissory notes. Indorsement. Before Judge JOHNSON.
Talbot Superior Court. March Term, 1873.

L. H. Miller brought complaint against Sarah A. Leitner,
as principal, and Charles B. Leitner, as indorser, on a note
made August 29th, 1866, due at sixty days, for $100 00, pay-
able to C. B. Leitner, or bearer, indorsed by C. B. Leitner,
J. V. H. Allen, treasurer, and L. H. Miller.

The indorser pleaded the general issue, and that the maker
was, at the date of the making of the note, a married woman,
his wife, and had no separate estate, and that he signed simply
for her accommodation, being in no way interested in the con-
sideration thereof.

The maker pleaded that at the time of the execution of the
note, she was the wife of Charles B. Leitner, the indorser,
and had no separate estate.

On demurrer, the second plea of the indorser was stricken,
and he excepted.

The plaintiff introduced his note in eveidence, and testified
that he came in possession of it in September, 1866, before
maturity, for a valuable consideration, and without any notice
of any defense, or pretext for the non-payment of the same.

Plaintiff closed. Defendants moved for a non-suit upon
the ground that the plaintiff had shown title out of himself
by his indorsement on the back of the note. The motion was
overruled and the defendants excepted.

The jury found for the plaintiff against both defendants. The defendants assign error upon each of the aforesaid grounds of exception.

E. H. WORRILL; M. H. BLANDFORD, for plaintiffs in error.

WILLIS & WILLIS, by HENRY L. BENNING, for defendant.

TRIPPE, Judge.

No motion was made to strike the plea of the maker, Sarah A. Leitner. The plea of the indorser, C. B. Leitner, was demurred to, and the demurrer sustained. That plea was, that the maker was the wife of the indorser, had no separate estate, and that he was an accommodation indorser. Neither plea alleged notice of any of these facts to plaintiff, who obtained the note before maturity. There was no evidence introduced or tendered, to prove that the maker was a married woman, and the judgment was legally rendered against her. It is possible there may be some mistake or error in the record. But neither the bill of exceptions or the record show that any such testimony was introduced or rejected by the Court.

The Court was right in striking the plea of the husband. It charged no notice on plaintiff of any of the facts alleged. The *bona fide* holder, for value, is protected against any defenses set up by the maker, acceptor or indorser, except, 1st. *Non est factum.* 2d. Gambling or immoral and illegal consideration. 3d. Fraud in the procurement: New Code, sec. 2785. And the holder is presumed to be *bona fide*, and such a presumption must be negatived: New Code, sec. 2787.

If a person were to indorse a forged note, or the note of a minor, etc., he would be bound by his indorsement in the hands of a *bona fide* holder for value. Does the fact that he has indorsed the note drawn by his wife, when the note so indorsed is in the hands of a second indorsee, and who is a *bona fide* holder, constitute a defense against his liability? It is

not necessary to say it would not, as against his own indorsee, for that is not the case. But if the husband procure his wife to draw a note, then indorses it and puts it in circulation, it would be difficult to find reason or authority to discharge him. It is proper to observe that this note was executed prior to the passage of the Act of 1866, in relation to the rights of married women.

Judgment affirmed.